UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIESHA RENA WILLIAMS,

     Plaintiff,

v.

GLOBAL LENDING SERVICES,
LLC, et al.,

     Defendants.

Case No. 25-cv-14069

Honorable Robert J. White

---

**ORDER GRANTING PLAINTIFF'S IFP APPLICATION AND
DISMISSING THE COMPLAINT WITHOUT PREJUDICE**

---

Before the Court is *pro se* Plaintiff Aiesha Rena Williams's application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint without prejudice for failing to state a plausible claim for relief.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the applicant submits an affidavit demonstrating the inability "to pay such fees or give security therefor." Here, Plaintiff's application has made the required showing of indigence. The Court

therefore grants the application and permits the complaint to be filed without requiring Plaintiff to prepay the filing fee.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court must dismiss an *in forma pauperis* complaint if it:

(i)   is frivolous or malicious;
(ii)  fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (cleaned up).

Plaintiff's complaint asserts five distinct causes of action involving the reporting of a bankruptcy and her automobile loan with Defendant Global Lending Services, LLC (GLS): (1) violation of the Fair Credit Reporting Act (FCRA) against

2

Defendant GLS, 15 U.S.C. § 1681s-2(b), for its failure "to conduct reasonable investigation of Plaintiff's disputes and . . . to correct or delete inaccurate information"; (2) violation of the FCRA against Defendants Equifax Information Services, LLC (Equifax) and Experian Information Solutions, Inc. (Experian), 15 U.S.C. § 1681e(b), for their failure "to ensure maximum possible accuracy of Plaintiff's credit reports"; (3) violation of the FCRA against Defendants Equifax and Experian, 15 U.S.C. § 1681i, for their failure "to reinvestigate Plaintiff's disputes and continued reporting [of] inaccurate information"; (4) a claim for emotional distress against all Defendants "as a direct result of [their] actions, including coercion and abusive credit reporting," which caused Plaintiff to suffer "credit denials, humiliation, sleeplessness, stress, anxiety, and physical injury"; and (5) "FCRA Violations re: Bankruptcy Reporting"[1] against Defendants Equifax and Experian for (a) "report[ing] Plaintiff's bankruptcy despite notice that it was the product of coercion and abuse" and (b) "fail[ing] to remove or reasonably investigate the accuracy of this reporting after disputes were submitted." (ECF No. 1, PageID.3).

The FCRA authorizes an aggrieved consumer to commence suit against "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter." 15 U.S.C. § 1681n.  And the act similarly imposes civil liability against

---

[1] Although not specified by Plaintiff, the Court construes this count, like Plaintiff's car-loan claims against Defendants Equifax and Experian, as arising under §§ 1681e(b) and 1681i, with a related claim for emotional distress.

"[a]ny consumer reporting agency [CRA] or user of information which is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer." 15 U.S.C. § 1681o.

Under 15 U.S.C. § 1681e(b), a CRA must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  To state a plausible § 1681e(b) claim, the plaintiff must show that "(1) the defendant reported inaccurate information about the plaintiff; (2) the defendant either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the plaintiff; (3) the plaintiff was injured; and (4) the defendant's conduct was the proximate cause of the plaintiff's injury." *Twumasi-Ankrah v. Checkr, Inc.*, 954 F.3d 938, 941 (6th Cir. 2020).  The "inaccuracy" element requires plausible allegations that the consumer reporting agency related either (1) "patently incorrect information about" the consumer, or (2) "information that was misleading in such a way and to such an extent that it could have been expected to have an adverse effect on the consumer." *Id.* (cleaned up).

Next, if a consumer disputes the accuracy of any item listed in his or her file, the CRA must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file." 15 U.S.C. § 1681i(a)(1)(A).  Similar

to a § 1681e(b) claim, the consumer must allege that the contested information is inaccurate to plausibly establish a § 1681i claim. *See Berry v. Experian Info. Sols., Inc.*, 115 F.4th 528, 536 (6th Cir. 2024) ("We join the weight of authority in other circuits to conclude that a showing of inaccuracy is an essential element of a § 1681i claim.").  "Since the threshold question under both Sections 1681e(b) and 1681i is whether the challenged credit information is accurate; if the information is accurate, no further inquiry into the reasonableness of the consumer reporting agency's procedures is necessary." *Ford v. TransUnion, LLC*, No. 25-13433, 2025 U.S. Dist. LEXIS 226817, at *2-3 (E.D. Mich. Nov. 18, 2025) (internal quotations and citation omitted).

Here, Plaintiff fails to allege any inaccuracy as contemplated by the FCRA, so her §§ 1681e(b) and 1681i claims must fail.  Critically, "several circuits have concluded that a claim alleging that a credit report contains legal inaccuracies is not a cognizable claim under the FCRA." *Cunningham v. Trans Union, LLC*, 697 F. Supp. 3d 740, 742 (S.D. Oh. 2023) (collecting cases).  As is clear from Plaintiff's pleadings, she alleges that she obtained the car loan at issue under duress and coercion from a former spouse, and that the reported bankruptcy similarly arose under duress, coercion, and abuse.  However, duress is a contract defense that generally must be pled and proved to render a contract unenforceable.

5

Accordingly, Plaintiff essentially challenges the legal validity of the financial obligations that gave rise to the CRA Defendants' reporting, and the alleged inaccuracy is thus legal in nature, particularly where Plaintiff has not pled than any obligation at issue was in fact voided and unenforceable due to duress. Absent such information, it was still technically correct to report the items at issue. *See Thompson v. Equifax Info. Servs., LLC*, 441 F. Supp. 3d 533, 548 (E.D. Mich. 2020) ("A plaintiff has failed to carry his initial burden if a court finds that the information contained in a challenged credit report was accurate on its face, or put somewhat differently, 'technically accurate.' That is, a credit reporting agency satisfies its duty under section [1681e](b) if it produces a report that contains factually correct information about a consumer that might nonetheless be misleading or incomplete in some respect.").

Given the foregoing, Plaintiff's claims under §§ 1681e(b) and 1681i against Defendants Experian and Equifax are dismissed for the failure to state a claim. Next, Plaintiff's claim against Defendant GLS under § 1681s-2(b) must also be dismissed.

The FCRA "expressly creates a private right of action against a furnisher who fails to satisfy one of five duties identified in § 1681s-2(b)." *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 618 (6th Cir. 2012). "[T]o state a claim under § 1681s-2(b), a plaintiff must allege (1) that the furnisher received notice from a CRA that the plaintiff was disputing the information at issue, thereby triggering the furnisher's

6

duties under § 1681s-2(b), and (2) that the furnisher did not comply with the statutorily required duties." *Hussey v. Equifax Info. Servs., LLC*, 592 F. Supp. 3d 688, 692 (W.D. Tenn. Mar. 21, 2022).

First, to the extent Plaintiff faults Defendant GLS under § 1681s-2(b) for failing to correct or delete inaccurate information, the Court reiterates that Plaintiff's alleged inaccuracy is not redressable by the FCRA under the circumstances here. And a furnisher of information must report results only "*if* the investigation finds that the information is incomplete or inaccurate." 16 U.S.C. § 1681s-2(b)(1)(D) (emphasis added).  Again, Plaintiff fails to allege any *factual* inaccuracy redressable under the FCRA.

Plaintiff also asserts that Defendant GLS failed to conduct a reasonable investigation of Plaintiff's disputes, but she provides no further facts in support. Lacking any information as to *how* GLS's investigation was unreasonable or otherwise deficient, Plaintiff's allegation on this matter is wholly conclusory and insufficient to state a plausible claim for relief. *See Shaker v. Klahr*, 615 F.2d 1362, 1362 (6th Cir. 1980) ("While a reviewing court should liberally construe allegations in a *pro se* complaint and even accept well pleaded allegations as true, . . . conclusory allegations unsupported by specific facts are insufficient to state a cause of action.") (citations omitted).

Lastly, both §§ 1681n and 1681o permit recovery of actual damages, which includes claims of emotional distress. *See Goodby v. Wells Fargo Bank, N.A.*, 599 F. Supp. 2d 934, 944 (S.D. Oh. 2008).  Having already dismissed each of Plaintiff's substantive claims under the FCRA, however, the Court also dismisses her related claim for emotional distress.

* * *

For the reasons given, the Court ORDERS that the Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) is GRANTED.  The Court accepts the filed complaint and will not require prepayment of the filing fee.

The Court further ORDERS that the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief.

The Court further ORDERS that Plaintiff may file an appeal *in forma pauperis* because it could be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).


Dated: April 24, 2026                    s/Robert J. White
                                                    Robert J. White
                                                    United States District Judge


8